(No. 5554. March 29, 1930.)

MINIDOKA COUNTY, on Relation of E. T. HELLEN-BECK, Chairman of the Board of County Commissioners, Plaintiff, v. E. M. HOOVER, Commissioner of Public Investments, Defendant.

[286 Pac. 918.]

E. V. Larson and H. V. Creason, Prosecuting Attorneys, for Plaintiff.

W. D. Gillis, Attorney General, and Harmon E. Hosier and S. E. Blaine, Assistant Attorneys General, for Defendant.

BUDGE, J.—On or about August 15, 1922, the commissioner of public investments loaned the sum of $3,000 from the normal school endowment fund to L. P. James, a resident of Minidoka county. To secure repayment of said loan James executed and delivered to the state of Idaho a note and real estate mortgage falling due August 15, 1927. Default was made in the payment of the principal of the

note, the mortgagor paying the interest thereon, and the state did not begin an action in foreclosure until September, 1929. The mortgagor defaulted and judgment of foreclosure was entered February 14, 1930, and filed for record in the office of the county recorder of Minidoka county. Taxes had been duly levied and assessed on the premises for the years 1926, 1927, 1928 and 1929, and said taxes for the first three years named were delinquent at the time the mortgage foreclosure was filed. The taxes for 1929 had been levied and, though not delinquent at the time of filing of the action in foreclosure, were delinquent when judgment was entered.

Demand was made on the commissioner of public investments prior to the filing of the petition herein, to ascertain the amount of said taxes and submit the same as a claim to the state board of examiners for payment to Minidoka county. The defendant commissioner refused to perform such act. The plaintiff then filed this original proceeding, asking for a writ of mandate against the defendant requiring him to ascertain the amount of taxes due on the premises described in the petition and submit the amount so ascertained as a claim to the state board of examiners for allowance and payment to Minidoka county.

It is alleged in the petition that by virtue of C. S., sec. 2971, it is the mandatory duty of the commissioner of public investments to ascertain the amount of said taxes and submit a claim for the same to the state board of examiners. The question presented is whether or not said section is mandatory or merely directory. It reads as follows:

"The department of public investments is hereby authorized to pay any and all taxes and assessments that are assessed against, and are liens upon, lands upon which the state has loaned money secured by mortgage, or upon which the state has acquired title through foreclosure proceedings, and upon which there are delinquent taxes, assessed previous to acquiring such title. Such amount of taxes and assessments shall be ascertained by the department of public investments, and a claim presented to the state board of

examiners, and after the allowance of such claim the auditor shall draw his warrant for the amount of such claim."

That portion of the section which provides that "the department of public investments is hereby authorized to pay any and all taxes and assessments that are assessed against, and are liens upon, lands upon which the state has loaned money," is not controlling when sought to be applied to the facts here involved, for the reason that the department of public investments, or the commissioner, has no authority to *pay* either taxes or assessments against lands upon which the state has loaned money. Claims must be presented to the state board of examiners by the department (commissioner) of public investments for allowance or rejection, and if allowed are paid by a warrant drawn by the state auditor. We are therefore concerned only with that portion of the section which provides:

"Such amount of taxes and assessments shall be ascertained by the department (commissioner) of public investments, and a claim presented to the state board of examiners, and after the allowance of such claim the auditor shall draw his warrant for the amount of such claim."

██ It is the duty of the commissioner of public investments—which is purely ministerial in his capacity as the head of the department of public investments—to assemble the facts touching the matters above referred to and submit the same to the state board of examiners for consideration and determination. The board of examiners and the counties wherein the lands are situated are entitled to such information. Whether or not the taxes and assessments are liens upon the lands are judicial questions and immaterial so far as this proceeding is concerned.

When C. S., sec. 2971, *supra*, is read in connection with secs. 1 and 2 of Senate Bill No. 99, Sess. Laws 1905, p. 377, chap. 107 Sess. Laws. 1923, chap. 153 Sess. Laws 1925, chaps. 3, 173 Sess. Laws 1927, and chap. 145 Sess. Laws 1929, all of which acts provide appropriations for the payment by the state of assessments and taxes delinquent on lands included in C. S., sec. 2971, the purpose of that por-

tion of C. S., sec. 2971, requiring the department of public investments to ascertain the amount of taxes and assessments as in the section specified and to present a claim to the state board of examiners is apparent. The commissioner is not concerned with the payment or rejection by the state board of examiners of the claims presented. Neither are we here called upon to determine the validity or invalidity of such claims or the duty of the state board of examiners to pay the same.

It therefore follows that the alternative writ heretofore issued should be, and it is hereby, made permanent.

Givens, C. J., and Lee, Varian and McNaughton, JJ., concur.